IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA HARTMAN, on behalf of herself and all others similarly situated,<br>   Plaintiff | Civil Action No.:<br><br>COMPLAINT – CLASS ACTION |
| v. | |
| TRANSWORLD SYSTEMS INC. and JOHN DOES 1-25,<br>   Defendants | JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION

1. Defendant, Transworld Systems Inc. ("Transworld"), violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

2. Transworld is subject to strict liability for sending collection letters that exposed personal identifying information visibly on the envelope placed in the mail.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Westmoreland County, Pennsylvania, which is within this District, and because a substantial part of the events giving rise to the claim occurred in this District.

### PARTIES

5. Plaintiff, Melissa Hartman ("Hartman"), is a natural person who resides in the Commonwealth of Pennsylvania and is a consumer as defined in the FDCPA.

6. Defendant, Transworld, is a California corporation with headquarters at 507 Prudential Road, Horsham, PA 19044.

7. Transworld acts as a debt collector as defined by § 1692a of the FDCPA because it regularly uses the mail and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.

## STATEMENT OF CLAIM

8. Hartman allegedly incurred a University of Pittsburgh Physicians debt (the "Debt") that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or about December 18, 2014, Transworld mailed a collection letter to Hartman in an attempt to collect the Debt (the "December 18 Letter"). A copy of the December 18 Letter, redacted for security purposes, is attached hereto as Exhibit A.

10. Visible through the top window of the envelope of the December 18 Letter is a barcode when, when scanned with a barcode reader, produces personal identifying information about Hartman, specifically the account number for the Debt, a number ending in 0232.

11. Transworld identified the number ending in 0232 as the account number for the Debt in the December 18 Letter.

12. The account number is not meaningless – it is a piece of information capable of identifying [the consumer] as a debtor, and its disclosure has the potential to cause harm to a consumer that the FDCPA was enacted to address. Douglass v. Convergent Outsourcing, 765 F. 3d 299 (Third Cir. 2014).

13. On at least one occasion, and maybe more, Transworld exposed Hartman's personal identifying information on the letter it sent through the mail.

14. Transworld negligently and/or intentionally used a symbol on an envelope other than its address and name when communicating with a consumer regarding an alleged debt.

15. The FDCPA prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, including the use of any language or symbol other than the debt collector's name and address on any envelope when communicating with a consumer by mail. 15 U.S.C. § 1692f(8).

## CLASS ACTION STATEMENT

16. Plaintiff brings this action on behalf of herself and of a Class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

17. Plaintiff proposes to define the class as follows:

   a. All Pennsylvania consumers located in the Western District of Pennsylvania;

   b. Who were sent one or more collection letter(s) from Transworld;

   c. Attempting to collect a consumer debt;

   d. Which contained a barcode visible on the exterior of the collection letter which, when scanned, produced an number;

   e. During the one year prior to the filing date of this Complaint.

18. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

19. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds or thousands of persons who received debt collection letters or notices from the Defendant that violate specific provisions of the FDCPA.

20. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendant violated the FDCPA;

b. Whether Plaintiff and the Class have been injured by Defendant's conduct; and

c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

21. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

22. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

23. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced and competent attorneys to represent the Class.

24. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this Class Action.

25. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Most are probably unaware that the FDCPA, and their rights, have been violated. Absent a Class Action, Class members will continue to suffer losses of protected rights as well as monetary damages.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

26. Transworld violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt.

27. Transworld violated 15 U.S.C. § 1692f(8) by using a symbol, other than the debt collector's address, on an envelope when communicating with a consumer by use of the mails or by telegram as described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Mark G. Moynihan, Esq. as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted,

Dated: 12/16/2015        By:        /s/ Mark G. Moynihan
Mark G. Moynihan, Esquire
Attorney for Plaintiff
PA 307622
112 Washington Place, Suite 1N
Pittsburgh, PA 15219
Phone: (412) 889-8535
Fax: (800) 997-8192
Email: mark@moynihanlaw.net